BC

RECEIVED
1/26/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

E.C

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF ILLINOIS

# EASTERN DIVISION

**SHAUN J. BEUTLICH,**
Plaintiff,

v.

**CITY OF CHICAGO POLICE;**
**OFFICER BORUTA**, Star No. 14152;
**OFFICER BARAK**, Star No. 2780;
**OFFICER ROLAN**, Star No. 1014;
Defendants.

1:26-cv-00873
Judge Sara L. Ellis
Magistrate Judge Beth W. Jantz
RANDOM CAT 1

# COMPLAINT

## JURY DEMANDED

## I. JURISDICTION AND VENUE

1. This action is brought under **42 U.S.C. § 1983** to remedy violations of Plaintiff's rights under the **First, Fourth, and Fourteenth Amendments** to the United States Constitution.

2. This Court has subject matter jurisdiction under **28 U.S.C. §§ 1331 and 1343**.

3. This Court has supplemental jurisdiction over Plaintiff's Illinois state-law claims under **28 U.S.C. § 1367**.

4. Venue is proper in this District under **28 U.S.C. § 1391(b)** because the events giving rise to Plaintiff's claims occurred in Chicago, Cook County, Illinois.

## II. PARTIES

5. Plaintiff **SHAUN BEUTLICH** ("Plaintiff") is an individual residing in Cook County, Illinois.

6. Defendant **CITY OF CHICAGO** ("City") is a municipal corporation that employs Chicago Police Department officers and is responsible for their actions within the scope of employment.

7. Defendant **OFFICER BORUTA**, Star No. **14152**, was at all relevant times a Chicago Police Department officer acting under color of Illinois law.

8. Defendant **OFFICER BARAK**, Star No. **2780**, was at all relevant times a Chicago Police Department officer acting under color of Illinois law.

9. Defendant **OFFICER ROLAN**, Star No. **1014**, was at all relevant times a Chicago Police Department officer acting under color of Illinois law, who approved the probable cause determination and Plaintiff's arrest.

## III. FACTS COMMON TO ALL CLAIMS

10. On January 26, 2024, Plaintiff was working as a delivery driver for Uber and DoorDash in Chicago.

11. Plaintiff briefly parked outside a restaurant in Lakeview Chicago, to retrieve two food orders, taking approximately 30 seconds to go inside, obtain the orders, and return outside.

12. As Plaintiff returned to his vehicle carrying two delivery bags, Plaintiff encountered Arthur Ray Hamilton ("Hamilton"), a ticket enforcement officer (associated with LAZ Parking and contracted by the City of Chicago) who appeared to be issuing a parking citation to Plaintiff's vehicle.

13. Plaintiff asked Hamilton for leniency and asked what specific parking violation Plaintiff was allegedly committing so it wouldn't happen again.

14. Hamilton responded repeatedly, in substance, only that "there's no parking here," without providing the specific violation when asked.

15. Plaintiff then verbally contested Hamilton's conduct and questioned Hamilton's authority and ticketing practices.

16. Plaintiff then turned to leave toward his driver side vehicle door.

17. Hamilton immediately broke out in a frantic and began yelling "Help!" following with "he hit me".

18. Hamilton then appears to call 911, but before anything could happen with the call Hamilton dramatically flagged down as passing by CPD vehicle.

19. Defendants Boruta and Barak responded to the scene.

20. On body cam, Plaintiff immediately and repeatedly denied Hamilton's accusation and told Defendants Boruta and Barak that Hamilton was lying.

21. On body cam, Plaintiff requested that Defendants Boruta and Barak investigate readily available nearby camera footage, including cameras from nearby restaurants and a nearby traffic-light camera.

22. On body cam, Defendants appeared to contact dispatch about retrieving nearby video from a traffic camera but did not confirm any retrieval or review of footage before placing Plaintiff in handcuffs to detain him.

23. On body cam, Defendants did not interview available witnesses, did not question nearby restaurant staff, and did not take reasonable steps to corroborate Hamilton's allegation.

24. On body cam, Hamilton displayed no signs of injury. No redness, swelling, bruising, bleeding, or other physical sign consistent with Hamilton's battery allegations of being hit.

25. Hamilton refused all medical attention and did not request any emergency treatment. His sole purpose was only to have Plaintiff "locked up".

26. Despite the absence of any physical injury, witnesses, or other corroborating evidence, Plaintiff was arrested on a battery charge, handcuffed, transported to two different police stations, fingerprinted, photographed, and detained for over six hours.

27. On body cam, one of the Defendants stated, in substance, that Plaintiff was being arrested because Hamilton was willing to sign a written complaint.

28. On body cam, Plaintiff asked: "With what evidence"?

29. On body cam, the Defendant responded: "Just his word."

30. On body cam, the Defendant again stated, in substance, that if Hamilton (or anyone was) willing to sign an arrest complaint, then Plaintiff (or anyone) would be arrested unless the Officers could confirm on scene that Hamilton (or anyone) was not telling the truth.

31. On body cam, Plaintiff stated, in substance, that here Defendants could not confirm or deny the truth, (of the alleged physical battery) but Plaintiff was being jailed anyway.

32. On body cam, another officer responded in substance: "The judge will figure it out! You can explain it to the judge."

33. Plaintiff was deprived of liberty for several hours due to Defendants' actions.

34. Plaintiff was prosecuted on the battery charge and required to appear in court.

35. After 6 months, on June 6, 2024, following a bench trial, Plaintiff was found NOT GUILTY of any crime, and all criminal proceedings were terminated in Plaintiff's favor.

36. As a result of Defendants' actions, Plaintiff suffered loss of liberty, humiliation, emotional distress, reputational harm, and economic damage.

37. Plaintiff missed work and suffered employment consequences, including termination from employment on February 28, 2024.

38. Plaintiff's losses include lost wages and lost work opportunities totaling approximately **$30,000**, in addition to non-economic damages.

# COUNTS

## COUNT I

**BORUTA — FALSE ARREST / FALSE IMPRISONMENT (ILLINOIS STATE LAW)**

45. Paragraphs 1 through 44 are realleged as though fully set forth herein.

46. Defendants arrested and imprisoned Plaintiff without a warrant and without probable cause.

47. No probable cause existed for Plaintiff's arrest because Defendants relied solely on an uncorroborated accusation despite Plaintiff's denial, absence of injury, and readily available video/witness corroboration.

48. As a proximate result, Plaintiff suffered damages including loss of liberty, emotional distress, humiliation, and economic loss.

WHEREFORE, Plaintiff demands judgment against Defendant Boruta in an amount to be determined by the finder of fact, plus costs and all other proper relief a jury finds reasonable .

# COUNT II

## BORUTA — MALICIOUS PROSECUTION (ILLINOIS STATE LAW)

49. Paragraphs 1 through 44 are realleged as though fully set forth herein.

50. Boruta's arrest and initiation of criminal process was an initiating cause of the criminal case against Plaintiff.

51. No probable cause existed for the battery charge.

52. The criminal case terminated in Plaintiff's favor on **June 6, 2024** with a NOT GUILTY verdict.

53. Plaintiff suffered special damages including employment loss and economic harm.

WHEREFORE, Plaintiff demands judgment against Defendant Boruta in an amount to be determined by the finder of fact, plus costs and all other proper relief a jury finds reasonable .

# COUNT III

## BORUTA — 42 U.S.C. § 1983 — UNREASONABLE SEIZURE (FOURTH AMENDMENT)

54. Paragraphs 1 through 44 are realleged as though fully set forth herein.

55. Boruta detained, arrested, transported, and imprisoned Plaintiff under color of state law without probable cause, depriving Plaintiff of his Fourth Amendment right to be free from unreasonable seizures.

56. The lack of probable cause was apparent where the arrest was based only on "just his word," despite the known retaliatory motive and readily available corroboration.

WHEREFORE, Plaintiff demands judgment against Defendant Boruta, compensatory damages, punitive damages, attorney's fees and costs under 42 U.S.C. § 1988, and all other proper relief a jury finds reasonable .

## COUNT IV

**BORUTA — 42 U.S.C. § 1983 — RETALIATORY ARREST (FIRST AMENDMENT)**

57. Paragraphs 1 through 44 are realleged as though fully set forth herein.

58. Plaintiff's speech contesting ticketing practices and questioning authority is protected by the First Amendment.

59. Boruta arrested Plaintiff because Plaintiff engaged in protected speech and because the accusation arose out of a verbal dispute and retaliatory grudge.

60. Boruta's arrest of Plaintiff occurred with malice and bias, including "teach a lesson" hostility toward delivery drivers.

WHEREFORE, Plaintiff demands judgment against Defendant Boruta, compensatory damages, punitive damages, attorney's fees and costs under 42 U.S.C. § 1988, and all other proper reliefa jury finds reasonable .

## COUNT V

**BARAK — FALSE ARREST / FALSE IMPRISONMENT (ILLINOIS STATE LAW)**

61. Paragraphs 1 through 44 are realleged as though fully set forth herein.

62. Barak assisted in detaining, arresting, transporting, and imprisoning Plaintiff without probable cause.

WHEREFORE, Plaintiff demands judgment against Defendant Barak in an amount to be determined by the finder of fact, plus costs and all other proper relief, a jury finds reasonable.

## COUNT VI

### BARAK — MALICIOUS PROSECUTION (ILLINOIS STATE LAW)

63. Paragraphs 1 through 44 are realleged as though fully set forth herein.

64. Barak's role in Plaintiff's arrest and initiation of criminal process was an initiating cause of the criminal case.

65. No probable cause existed and proceedings terminated in Plaintiff's favor.

WHEREFORE, Plaintiff demands judgment against Defendant Barak in an amount to be determined by the finder of fact, plus costs and all other proper relief a jury finds reasonable.

## COUNT VII

### BARAK — 42 U.S.C. § 1983 — UNREASONABLE SEIZURE (FOURTH AMENDMENT)

66. Paragraphs 1 through 44 are realleged as though fully set forth herein.

67. Barak, under color of state law, deprived Plaintiff of his Fourth Amendment rights by assisting in an arrest without probable cause.

WHEREFORE, Plaintiff demands judgment against Defendant Barak, including compensatory damages, punitive damages, fees/costs under § 1988, and all other proper relief a jury finds reasonable.

# COUNT VIII

### BARAK — 42 U.S.C. § 1983 — RETALIATORY ARREST (FIRST AMENDMENT)

68. Paragraphs 1 through 44 are realleged as though fully set forth herein.

69. Plaintiff's protected speech was a motivating factor for the arrest and the officers' response was driven by retaliatory motive and bias.

WHEREFORE, Plaintiff demands judgment against Defendant Barak, including compensatory damages, punitive damages, fees/costs under § 1988, and all other proper relief a jury finds reasonable .

# COUNT IX

### ROLAN — FALSE ARREST / FALSE IMPRISONMENT (ILLINOIS STATE LAW)

70. Paragraphs 1 through 44 are realleged as though fully set forth herein.

71. Rolan approved Plaintiff's detention and arrest without probable cause and thereby caused Plaintiff's unlawful arrest and imprisonment.

WHEREFORE, Plaintiff demands judgment against Defendant Rolan in an amount to be determined by the finder of fact, plus costs and all other proper relief a jury finds reasonable .

# COUNT X

### ROLAN — MALICIOUS PROSECUTION (ILLINOIS STATE LAW)

72. Paragraphs 1 through 44 are realleged as though fully set forth herein.

73. Rolan's approval of the arrest was an initiating cause of the prosecution.

74. No probable cause existed and proceedings terminated in Plaintiff's favor.

WHEREFORE, Plaintiff demands judgment against Defendant Rolan in an amount to be determined by the finder of fact, plus costs and all other proper relief a jury finds reasonable.

## COUNT XI

### ROLAN — 42 U.S.C. § 1983 — UNREASONABLE SEIZURE (FOURTH AMENDMENT)

75. Paragraphs 1 through 44 are realleged as though fully set forth herein.

76. By approving an arrest lacking probable cause, Rolan caused an unreasonable seizure under the Fourth Amendment.

WHEREFORE, Plaintiff demands judgment against Defendant Rolan, including compensatory damages, punitive damages, fees/costs under § 1988, and all other proper relief a jury finds reasonable.

## COUNT XII

### ROLAN — 42 U.S.C. § 1983 — RETALIATORY ARREST (FIRST AMENDMENT)

77. Paragraphs 1 through 44 are realleged as though fully set forth herein.

78. Rolan's approval was given despite the known retaliatory context and despite the absence of corroboration, and therefore contributed to retaliatory arrest under color of law.

WHEREFORE, Plaintiff demands judgment against Defendant Rolan, including compensatory damages, punitive damages, fees/costs under § 1988, and all other proper relief a jury finds reasonable .

## COUNT XIII

**CITY OF CHICAGO — RESPONDEAT SUPERIOR (STATE CLAIMS)**

79. Paragraphs 1 through 44 are realleged as though fully set forth herein.

80. At all relevant times, Defendants Boruta, Barak, and Rolan were employees of the City of Chicago acting within the scope of their employment.

81. The City is vicariously liable for the officers' false arrest/false imprisonment and malicious prosecution under Illinois law.

WHEREFORE, Plaintiff demands judgment against Defendant City of Chicago in an amount to be determined by the finder of fact, plus costs and all other proper relief a jury finds reasonable.

# COUNT XIV

**CITY OF CHICAGO POLICE — MONELL (42 U.S.C. § 1983)**

82. Paragraphs 1 through 44 are realleged as though fully set forth herein.

83. Plaintiff's constitutional injuries were caused by City customs and practices including treating signed complaints as automatic probable cause without follow-up where motive and exculpatory evidence are apparent, and tolerating biased "teach them a lesson" enforcement.

WHEREFORE, Plaintiff demands judgment against Defendant City of Chicago, compensatory damages, fees/costs, and all proper reliefa jury finds reasonable .

# DAMAGES AND RELIEF REQUESTED

Plaintiff requests:

A. Compensatory damages in an amount to be determined at trial, including non-economic damages;
B. Economic damages of approximately **$30,000**;
C. Punitive damages against the individual defendants;
D. Reasonable costs and fees under 42 U.S.C. § 1988 on the federal claims;
E. Pre- and post-judgment interest;
F. Such other relief as this Court deems just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**Respectfully submitted,**
**SHAUN J. BEUTLICH**

Plaintiff, Pro Se
5011 N Damen Ave
Chicago IL, 60625
312 783 0301
Shaunbeutlich@gmail.com